UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDI R. D. P., | Civil Action No. 19-16291 (SDW) |
| Petitioner, | |
| v. | OPINION |
| RONALD P. EDWARDS, et al., | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Fredi R. D. P., filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Following an order to answer, the Government has filed a response to Petitioner's petition (ECF No. 4). Although represented by counsel, Petitioner did not file a reply. For the following reasons, Petitioner's habeas petition is denied without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Guatemala who entered the United States illegally at an unknown time and date without being inspected or admitted. (Document 2 attached to ECF No. 4). In April 2017, Petitioner was arrested by authorities in New York and charged with unlawful sexual contact with a child less than thirteen based off of two incidents in which he "allegedly engaged in sexual contact with his brother's stepdaughter, a four-year-old female, on more than two occasions" in 2009. (*Id.* at 3). Although the felony charges arising out of this incident were dropped as part of a plea deal, Petitioner did plead guilty to a disorderly conduct

1

offense based on these events, and a protective order was issued against him in favor of the victim of the alleged assaults. (*Id.* at 4).

In September 2018, Petitioner was issued a notice to appear and was taken into immigration custody as he was an alien who had entered the country illegally without inspection or admission. (Document 1 attached to ECF No. 4). Petitioner was placed into removal proceedings at that time. (*Id.*). During the pendency of those proceedings, Petitioner first received a bond hearing on December 14, 2018, before an immigration judge pursuant to 8 U.S.C. § 1226(a), the statute pursuant to which he is currently detained. (Document 2 attached to ECF No. 4 at 2). The immigration judge ultimately denied Petitioner bond after finding that Petitioner had failed to meet his burden of showing that he was not a danger to the community based on the sexual contact charges he had received in 2017. (*Id.* at 3-4). Petitioner appealed, and the Board of Immigration Appeals affirmed the denial of bond on May 21, 2019. (Document 6 attached to ECF No. 4). Petitioner thereafter filed a motion for a redetermination of custody status in August 2019, but that request was denied by an immigration judge on September 3, 2019, as the record still indicated that Petitioner was a danger to the community and Petitioner had failed to meet his burden of showing that his circumstances had materially changed. (Document 7 attached to ECF No. 4). Petitioner appealed that decision, and his appeal apparently remains pending at this time. (Document 8 attached to ECF No. 4 at 2).

On April 10, 2019, Petitioner was granted relief from removal in the form of cancellation of removal from the immigration judge assigned to his removal proceedings. (Document 6 attached to ECF No. 4 at 3). Because the Government has appealed that decision, and the appeal is currently pending before the Board, however, Petitioner is not yet subject to a final order of

either removal or granting relief, and he therefore remains detained pursuant to 8 U.S.C. § 1226(a) based on the record currently before the Court. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner contends that he filed a request for a bond hearing in the summer of 2019, that he was not provided with a bond hearing, and that his continued detention in the absence of a bond hearing violates Due Process and his rights pursuant to 8 U.S.C. § 1226(a). Section 1226(a) "authorizes the Attorney General to arrest and detain an alien 'pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 847 (2018) (quoting § 1226(a)). Under the statute, the Attorney General "may release" the alien on bond or parole provided the alien can make the requisite showing under the applicable regulations. *Id.* Under those regulations, an alien may only be released on bond where

3

he meets his burden of showing, to the satisfaction of an immigration judge, that he "would not pose a danger to property or persons" and that he is not a flight risk. 8 C.F.R. § 236.1(c)(8). In addition to an appeal of a bond decision to the Board of Immigration Appeals, an alien who was denied bond may also file a motion before the immigration judge for a custody redetermination, but bond will only be granted under those circumstances where the petitioner can show that there has been a material change in circumstances. 8 C.F.R. § 1003.19(e).

Where an alien has received a bona fide bond hearing – that is, a bond hearing providing him meaningful process under § 1226(a) and the applicable regulations and which is not otherwise unconstitutional or unlawful – district courts have no authority to grant the alien relief from his detention under 8 U.S.C. § 1226(a). *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018); *see also* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole"); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. January 5, 2016). Thus, once an alien has received a bond hearing before an immigration judge, this Court may neither review and set aside the immigration judge's determination as to bond, nor order a second bond hearing without proof of some "constitutional defect" or other legal violation that in some way rendered the bond hearing the petitioner received less than bona fide. *Borbot*, 906 F.3d at 279; *Pena*, 2016 WL 74410 at *2-3; *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013).

Although Petitioner contends that he was denied a bond hearing in his habeas petition, that assertion is patently untrue. Petitioner has received a bond hearing, was denied bond as an immigration judge found that he failed to meet his burden of showing that he was not a danger to the community, appealed that decision, and had his appeal dismissed by the Board of Immigration

4

Appeals. Petitioner has also sought and been denied a custody redetermination as the immigration judge found that he failed to meet his burden of showing a material change in circumstances. Petitioner is not entitled to a new bond hearing merely because of the passage of time or his dissatisfaction with the outcome of his original proceedings. Because Petitioner has not alleged, let alone shown, that the bond hearing he received was anything less than bona fide, this Court is without authority to reconsider the decision of the immigration judge denying Petitioner bond. Petitioner has thus not shown his entitlement to relief, and his habeas petition is denied.

### III. CONCLUSION

For the reasons expressed above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is DENIED WITHOUT PREJUDICE. An appropriate order follows.

Dated: December 12, 2019

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge